## Shillito Estate

*James D. Campbell,* for petitioner.
*Richard C. Snelbaker,* for respondent.

MILLER, *J.,* July 18, 1991—This matter is before the court on the petition of Esther A. Warehime, co-executor, to allocate the compensation due her and co-executor Richard C. Snelbaker, Esq., and to allow additional counsel fees.

Russell L. Shillito died August 15, 1984, leaving a last will and testament which named Richard C. Snelbaker and Esther A. Warehime as co-executors.

The administration of the estate was complex. Among the decedent's assets were shares in two closely held corporations, a real estate partnership, farm properties, other real estate, growing crops, and a collection of coins and antiques. Esther A. Warehime was an employee and shareholder of Shillito Oil Inc., one of the closely held corporations. She was also a partner in various real estate ventures. She and her husband had loaned money to the decedent and to various of the business enterprises. She was active in the management of the partnership and closely held corporations. She was the major beneficiary under the decedent's will, with the balance of the estate being bequeathed to other employees of the decedent's business enterprises as well as other family members.

Decedent's widow elected to take against the will. She also filed objections to the first and partial account of the executors, as did two family members. Some of these objections were withdrawn and others were litigated. The adjudication allowed reserves in the aggregate amount of $224,588 for payment of executors' commissions and attorneys' fees to Esther A. Warehime and Richard C. Snelbaker. The disagreement between the co-executors as to the allocation of these payments is based upon the provisions of the will of Russell L. Shillito which reads as follows, inter alia:

"*Lastly.* I nominate, constitute and appoint my secretary, Esther A. Warehime, and my attorney, Richard C. Snelbaker, to be the Executors of this, my Last Will and Testament, to serve without bond or other security.

"I order and direct my Executors above named to engage and retain the law firm in which the said

Richard C. Snelbaker may be a member, partner or employee as the attorney of and for my Estate.

"I further order and direct that my said Executors shall receive equal compensation for their services regardless of duties performed, said compensation to be one-half the aggregate of the Executors' commissions and attorneys' fees allowed in the administration of my Estate."

Esther A. Warehime takes the position that her compensation should be $112,294, or one-half of the aggregate of the executors' commissions and attorneys' fees allowed. Richard C. Snelbaker takes the position that compensation to Esther A. Warehime should be one-half of the executors' commission of $112,294, or $56,147. It is his position that she is not entitled to any funds which may be allocated or allowed as attorneys' fees.

We have read the briefs of counsel and heard argument on their differing interpretations of the meaning of the language of the will as it relates to fees and commissions. We have listened to explanations of the juxtaposition of words and phrases in the will, and of how they complement and/or modify each other. We also recall our nearly 28 years of the practice of law and the questions that testators eternally ask about the division of fees to be paid in their estates, of their concerns about the amounts of those fees and commissions, and of their desire that those close to them be fairly compensated.

We are reminded of the late great Walter W. (Red) Smith, sports columnist for the old *Philadelphia Record* and later the *New York Herald-Tribune* and *New York Times,* who once decried the system of scoring boxing matches by a complex method of awarding points to each combatant for each round and cumulating them at the end of the fight to

determine the winner. Many times the final result was patently contrary to what the spectators saw. Smith observed, tongue in cheek perhaps, that any 12-year-old who sees two kids in a fistfight can unerringly tell you, in an instant, who won.

Mindful of the sagacity of Red Smith, we take two steps back, look at the will, and ask, "What did the testator say?" We believe that he clearly intended to say and, more significantly, clearly did say that the total compensation for the two executors, whatever they did in the settlement of his estate, was to be equal and that each was to receive one-half of the total of the executors' commissions and attorneys' fees allowable. We so hold.

If he had been addressing only the executors' commissions in the clause at issue, he would have said something to the effect, "My executors shall each be entitled to receive one-half of the executors' commissions regardless of the duties performed." Or he could have said, "The total of the executors' commissions shall be equal to the attorneys' fees allowed in the administration of my estate, and each of my two executors shall receive one-half of the total of the allowable executors' commissions regardless of duties performed." But he went further and stipulated the division of the total compensation between the two named persons, something which would have been unnecessary if he had been referring only to the executors' commissions.

In fact, except for one possible scenario—that being the one where the executors' commissions and attorneys' fees are exactly the same—the suggestion of Attorney Snelbaker that the language of the testator merely established the framework for determining the compensation to be paid to the executors is mathematically unworkable. (If, how-

ever, the executors' commissions and attorneys' fees are exactly the same, the direction that they be cumulated and divided by half is unnecessary.) In addition, it is clear that in order to cumulate the executors' commissions and attorneys' fees, the first step is to determine what the executors' commission is. If that figure cannot be determined until after the cumulation and division by two is calculated, we come to a problem of circuity, as in the case of the dog chasing its own tail. To paraphrase Casey Stengel (and with apologies), "You can work it out." We further note that Attorney Snelbaker was the scrivener of the will, and any doubt as to the meaning of the clause from which he derives any benefit will be construed narrowly and against him.

The Rule of Professional Conduct (Rule 5.4) which prohibits the division of a legal fee with a non-lawyer is not involved in this decision. The determination of the fees and the manner of their division is set forth by the testator as part of the will. Presumably, if counsel would have been unwilling to act either as a co-executor or attorney to the estate because of financial or ethical considerations, he could have declined to serve. He did not decline to do so.

While not a factor in our interpretation of the will, we note that the total of the fees and commissions is a not inconsiderable sum. We hasten to state, however, that those fees and commissions have been earned, in view of the sometimes complex inter-relationship of personal, corporate, and partnership assets and/or liabilities of the decedent and of Mrs. Warehime and of the litigation and tax problems spawned by that inter-relationship and the gross assets of the estate, which total more than $2 million.

It has been suggested that Attorney Snelbaker's law firm is separate and apart from him and that, as a separate entity, it is entitled to receive attorneys' fees without reduction by or reference to the provisions of the will. While it is true that Attorney Snelbaker and his law firm are separate entities, we believe that for the purpose of determining this issue, one must be regarded as the alter ego of the other. We have no hesitancy in so holding. We hasten to add, however, that we do not disapprove of the practice of an attorney charging separate and cumulative fees for services as fiduciary and a attorney, as the duties and responsibilities of those positions are different in scope and degree. However, where the will contains a provision such as the one at issue, we will follow the express directions of the testator.

Co-executor Esther Warehime asks for the allowance from the estate of fees in the amount of $22,448.82 to her attorney who she retained early in the administration of the estate to advise her on many issues, some of which pertain to her position as co-executor of the estate and some which are unrelated to that position but which relate to her personally. She and her attorney, Mr. Campbell, have submitted to the court a compilation of billings which are alleged to have been related solely to the administration of the estate. Attorney Snelbaker, as attorney to the estate and as a co-executor, contends that it was unnecessary for Mrs. Warehime, as co-executor, to engage separate counsel, and that the major portion of the services rendered to Mrs. Warehime were related to her personal interests rather than the interests of the estate.

Courts have repeatedly held that counsel fees attributable to services performed for the benefit of

a beneficiary, even though the beneficiary may be a fiduciary, may not be charged to the estate where no benefit to the estate is established. *Pappadakis Estate,* 5 Pa. Fiduc. 2d 247 (1985); *Lapaglia Estate,* 5 Pa. Fiduc. 2d 252 (1985). It is also clear that where more than one attorney performs legal services for an estate, payment may not be made for services which are duplicative. *Federoff Estate,* 7 Pa. Fiduc. Rep. 2d 138 (1987).

Where personal and fiduciary interests are as intertwined as here, it is difficult to neatly sever and separate them. Mrs. Warehime and Attorney Campbell have purported to do so in the separate billing submitted to the estate and to the court. Mr. Campbell has stated that a portion of his total billing to Mrs. Warehime was deemed to relate to her personal, rather than her fiduciary, interests and that this portion was not included in the amount sought from the estate.

Attorney Snelbaker, as counsel to the estate, correctly argues that his representation of the estate on matters necessary to settle the estate included the advice upon which both the executors relied. However, in view of the nature of the inter-connected financial interests of the estate and/or Mrs. Warehime, the other co-executor, it is not unreasonable to conclude that she was entitled to at least some independent representation as fiduciary, and we so hold. The question is the determination of the proper amount.

We have been involved in the adjudication of issues arising from the settlement of this estate for a number of years. We believe that we can make an informed and reasoned judgment on the question of the fee to be allowed to Attorney Campbell from the estate assets. We have taken into consideration the

nature and composition of the estate assets, the relationship of the interests of the estate and of Mrs. Warehime, the nature and duration of the litigation to which the executors have been a party, the benefits and/or detriments which have accrued to Mrs. Warehime in her individual, as opposed to fiduciary, capacity and the existence and magnitude of any benefit which might have accrued to the estate from the separate representation by Attorney Campbell. In doing so, we have kept in mind the principles of law prohibiting the payment out of estate assets of counsel fees for services personal to the fiduciary as well as fees duplicative of those performed by other counsel. We set the sum of $8,000 as the allowable fee for Attorney Campbell out of estate funds. Any billing over and above that amount will be the responsibility of Mrs. Warehime. We decline to recalculate the total of the fees and commissions to be divided between the executors by reason of the additional attorney fee awarded to Attorney Campbell.

With this issue now determined, we direct the co-executors to forthwith file their second and final account.

## ORDER

And now, July 18, 1991, we direct that Richard C. Snelbaker, Esq. and Esther A. Warehime shall each receive the sum of $112,294 as total compensation for their services in the administration of this estate. In addition, we award the sum of $8,000 from estate assets to James D. Campbell, Esq. for separate representation of Esther A. Warehime in matters pertaining solely to her fiduciary responsibilities.